## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: | |
| **JEFFREY ROBERT JONES AND GRETCHEN CHRISTINE JONES,** | **BANKRUPTCY NO. BK12-42712-TJM** |
| **Debtors,** | **CHAPTER 7** |
| **JEFFREY ROBERT JONES AND GRETCHEN CHRISTINE JONES,** | **CASE NO. 4:13CV3155** |
| **Appellants,** | **MEMORANDUM OPINION** |
| **vs.** | |
| **JOSEPH H. BADAMI,** | |
| **Appellee.** | |

This matter is before the Court on appeal from the order issued by the United States Bankruptcy Court for the District of Nebraska[1] (the "Bankruptcy Court"), granting the Appellee Chapter 7 Trustee's objection to the exemptions filed by the debtors/appellants Jeffrey Robert Jones and Gretchen Christine Jones (the "Debtors"). The Trustee elected to have this appeal heard by this Court. (Filing No. 2-3.) For the reasons discussed below, the order of the Bankruptcy Court will be affirmed.

### PROCEDURAL AND FACTUAL BACKGROUND

The Bankruptcy Court's order sustained the Trustee's objection to an exemption for a pension plan (the "Pension Plan") belonging to the mother of Debtor Jeffrey Robert Jones ("Mr. Jones"). The Debtors filed for bankruptcy protection in December 2012. After filing, Mr. Jones was notified by his late mother's employer that her estate was the

---

[1] The Honorable Timothy J. Mahoney, United States Bankruptcy Court for the District of Nebraska.

beneficiary of the Pension Plan, which required that where there was no surviving spouse or designated beneficiary, the benefits were to be paid to the participant's estate.  Because Mr. Jones's mother had no surviving spouse, and had not designated a beneficiary, the proceeds would be paid to her probate estate. Debtors amended their bankruptcy schedules to reflect the Pension Plan and claimed Mr. Jones's interest in the Pension Plan was exempt from the bankruptcy estate under 11 U.S.C. § 522(b)(3)(C) and Neb. Rev. Stat. §  25-1536.01 (Reissue 2008).

The Trustee challenged the exemption on the grounds that Mr. Jones's interest in the Pension Plan was not contemplated in the federal and state exemption statutes. (*See* Filing No. 2-2 at 3-4); *In re Jones*, No. BK12-42712-TJM, (Bankr. D. Neb. Aug. 13, 2013). The Bankruptcy Court agreed, finding that this case was factually unique from any other case that had found an exemption for an inherited retirement account, because of "the journey the plan proceeds will take through the probate estate to be administered and distributed." (*Id.* at 3.)  The Bankruptcy Court reasoned:

> "Mr. Jones has not received any of his mother's 'retirement funds,' and he does not stand to do so. Right now, what he has is a future interest in receiving money. The plan administrator is obligated to pay the proceeds of the pension plan to the decedent's estate, at which point they will merely be cash.  The decedent's estate will receive a lump-sum payout of the plan proceeds, which will be administered by the personal representative and paid out to the heirs, including Mr. Jones.  By that point, the funds will have lost their identity as 'retirement funds' . . . the funds in the pension plan will lose their 'retirement' attributes by being liquidated through the probate estate."

(*Id.* 3–4.)

**STANDARD OF REVIEW**

This Court has jurisdiction over appeals from final judgments and orders of the Bankruptcy court under 28 U.S.C. § 158(a)(1). "When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." *In re Falcon Prods., Inc.*, 497 F.3d 838, 840-41 (8th Cir. 2007). *See also* Fed. R. Bankr. P. 8013. The district court may affirm, reverse or modify the bankruptcy court's ruling or remand the case for further proceedings. Fed. R. Bankr. P. 8013.

**DISCUSSION**

The sole issue on appeal is whether Mr. Jones's interest in the proceeds of the Pension Plan may be exempted from the Debtors' bankruptcy estate. When a debtor files for bankruptcy protection, a bankruptcy estate is established. *See* 11 U.S.C. § 541(a). The bankruptcy estate consists of "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  The estate broadly includes the debtors' interest and property "wherever located and by whomever held." 11 U.S.C. § 541(a).  In addition, any property the debtor receives within 180 days of filing for bankruptcy as a result of a "bequest, devise, or inheritance," becomes a part of the bankruptcy estate.  11 U.S.C. § 541(a)(5).

Under the Bankruptcy Code, debtors may exempt some types of property from the bankruptcy estate. *See* 11 U.S.C. § 522. The Bankruptcy Code permits debtors to select one of two different exemption schemes. *In re Carpenter*, 614 F.3d 930, 932 (8th Cir. 2010). The schemes permit debtors to choose either (1) the exemptions listed in 11 U.S.C. § 522(d); or (2) exemptions granted by state law, as well as exemptions under

3

federal law other than those listed in § 522(d). *Carpenter*, 614 F.3d at 932. The Bankruptcy Code also permits states to opt out of the exemptions listed in 11 U.S.C. § 522(d). *In re Carpenter*, 614 F.3d at 932 n. 1. When a state opts out of the federal exemption scheme, debtors may only claim the applicable state exemptions, or the federal exemptions not listed in § 522(d). *Id.*; *see also In re Euse*, BK10-43179-TLS, 2011 WL 794143, at *2 (Bankr. D. Neb. Mar. 2, 2011). The State of Nebraska has rejected the federal exemptions listed in § 522(d), and has identified its own personal exemptions. *See* Neb. Rev. Stat. § 25-15,105 (Reissue 2008), Neb. Rev. Stat. § 25-1536.01.

Because Nebraska has opted out of the exemptions listed in § 522(d), Mr. Jones's interest in the proceeds of his mother's Pension Plan must fall under (1) the federal exemptions other than those listed in § 522(d), or (2) the exemptions permitted by Nebraska law, in order to be exempted. The Debtors claim Mr. Jones's interest in the proceeds of his mother's Pension Plan are exempt under 11 U.S.C. § 522(b)(3)(C), and Neb. Rev. Stat. § 25-1536.01. The Court concludes that an exemption is not proper under either statute.

## I. Federal Exemption

Debtors argue that Mr. Jones's interest in his mother's Pension Plan is exempt under 11 U.S.C. § 522(b)(3)(C). The bankruptcy code permits debtors to exempt certain funds from the bankruptcy estate including "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." *Id.* For funds to be exempt under § 522(b)(3)(C), the statute requires that "(1) the amount the debtor seeks

4

to exempt must be retirement funds; and (2) the retirement funds must be in an account that is exempt from taxation under one of the provisions of the Internal Revenue Code set forth therein." *In re Nessa*, 426 B.R. 312, 314 (B.A.P. 8th Cir. 2010).[2]  Inherited retirement accounts may also be exempted if they meet the two-prong exemption test set forth in *Nessa. See id.*   This Court concludes that Mr. Jones's interest in the proceeds of his mother's Pension Plan is not exempt under § 522(b)(3)(C) because he does not have any interest in *retirement funds* and, even if he did, he has no interest in an *account that is exempt from taxation* under the Internal Revenue Code.

To determine whether an exemption is proper, the Court must look to the debtor's interest in property at the time of filing bankruptcy. *United States v. Mitchell*, 476 F.3d 539, 543 (8th Cir. 2007) (stating "the bankruptcy estate includes property interests of the debtor at the commencement of the case, as well as proceeds of the estate."); *In re Schmitt*, 215 B.R. 417 (B.A.P. 9th Cir. 1997). At the time Debtors filed bankruptcy, Mr. Jones had no interest in the Pension Plan; he had only an interest in his mother's probate estate. He can exempt that interest from the bankruptcy estate only if the Pension Plan proceeds, after being disbursed to his mother's probate estate, are considered retirement funds in a tax-exempt account.

### A.    Retirement Funds

Mr. Jones does not have an interest in retirement funds within the meaning of 11 U.S.C. § 522(b)(3)(C). The parties do not cite, and research does not reveal, any similar

---

[2] The Court in *Nessa* examined the exemption listed in 11 U.S.C. § 522(d)(12), which is not available to Debtors because Nebraska has opted out of the exemptions listed in § 522(d). However, the exemption listed in § 522(d)(12) is identical to the exemption listed in § 522(b)(3)(C), and the analysis in *Nessa* is applicable here. *See In re Hamlin*, 465 B.R. 863, 870-71 (B.A.P. 9th Cir. 2012) (utilizing the reasoning in Nessa to interpret § 522(b)(3)(C)).

case dealing with retirement funds passing through a probate estate. Courts decisions have implied, however, that such funds must pass *outside* a probate estate to be exempt.  For example, in the case of *In re Chilton* 674 F.3d 486 (5th Cir. 2012), the debtor claimed an exemption for an individual retirement account ("IRA") inherited from her mother. *Id.* at 487. The retirement account was "passed directly to [the debtor], the account's designated beneficiary and [the deceased's] daughter, *without passing through probate proceedings*." *Id.* at 487 (emphasis added).  The account passed directly to the debtor because the debtor was the named beneficiary in the plan.  *See id.* at 487-88. The court concluded that the IRA was established as an inherited IRA under the Internal Revenue Code. *Id.* at 488.[3] The court explained that the funds were "retirement funds" in that the purpose of the funds when they were set apart by the mother was for her retirement and, by directly transferring the funds, their status was not altered. *Id.* at 489.

    In contrast, the Pension Plan funds at issue here will pass through a probate estate. Mr. Jones is not a designated beneficiary of the Pension Plan.  Under the terms of the Pension Plan, the benefits are to be paid to the probate estate under the terms of the Nebraska Probate Code. Unlike the direct transfer in *Chilton*, the status of the proceeds of the Pension Plan will have been altered after passing through probate.  The benefits will simply be funds included within the probate estate.  Because Mr. Jones has

---

[3] An "inherited" IRA is defined in the Internal Revenue Code as follows: "An individual retirement account or individual retirement annuity shall be treated as inherited if—(I) the individual for whose benefit the account or annuity is maintained acquired such account by reason of the death of another individual, and (II) such individual was not the surviving spouse of such other individual."  26 U.S.C. § 408(d)(3)(E).

no interest in the Pension Plan before the funds pass through the probate estate, he lacks any interest in retirement funds within the meaning of the statute.

The Court notes that the issue of whether "inherited IRAs" may be exempt from a bankruptcy estate is the subject of a circuit split. In a case relied upon by the Bankruptcy Court, the United States Court of Appeals for the Seventh Circuit held that an inherited retirement account could not be exempt from a bankruptcy estate. *In re Clark*, 714 F.3d 559 (7th Cir. 2013) *cert. granted*, *Clark v. Rameker*, 134 S. Ct. 678 (2013). The debtor in *Clark* was the named beneficiary of the account, and when the account was transferred via a trustee-to-trustee transfer, an inherited IRA was created. *Id.* at 560. The Seventh Circuit held that the inherited IRA was not exempt from the bankruptcy estate. *Id.* at 562. The court reasoned that "an inherited IRA is a time-limited tax-deferral vehicle, but not a place to hold wealth for use after the new owner's retirement." *Id.* The court held that "by the time the Clarks filed for bankruptcy, the money in the inherited IRA did not represent *anyone's* retirement funds. They had been [the decedent's], but when she died they become no one's retirement funds." *Id.* The court used the following analogy:

> . . . suppose [the decedent] had withdrawn the entire $300,000 from her IRA . . . waited a month, then given the money to [the debtor]. The money would have been 'retirement funds' while in [the decedent]'s IRA, but not thereafter; in [the debtor]'s bank account the money would be no different from any other assets…that would have been true during the month [the decedent] banked the funds before sending them to [the debtor]. [The decedent]'s creditors could have reached the money, notwithstanding the fact that it formerly was part of her retirement account…the money used to be 'retirement funds' but isn't now.

*Id.* at 561.

7

This Court need not resolve the circuit split or await the Supreme Court's decision to determine whether Mr. Jones's interest in the Pension Plan proceeds is exempt. In both *Chilton* and *Clark*, the IRAs at issue passed via direct transfer to a designated beneficiary under the terms of the IRA. The *Chilton* court determined that these were "retirement funds" for the purposes of 11 U.S.C. § 522(b)(3)(C), while the *Clark* court determined that they were not. In contrast, the funds of the Pension Plan here will *not* pass directly to Mr. Jones. Instead, they will pass through his mother's probate estate. Even if the Court followed the reasoning in *Chilton*, Mr. Jones's interest in the Pension Plan is materially different from the inherited IRA found to be exempt in *Chilton.* The court in *Chilton* expressly acknowledged that the IRA at issue there did *not* pass through a probate estate, and the direct transfer enabled the inherited IRA to maintain its identity as retirement funds. *Chilton* 674 F.3d at 488-89. In other words, by avoiding the probate estate, the funds continued to be "set apart" for retirement, and the "direct transfer of 'retirement funds' [did] not alter their status as 'retirement funds.'" *Id.* at 489. Here, there was no direct transfer of retirement funds. When the funds pass through Mr. Jones's mother's probate estate, they will no longer be set apart for retirement, and will simply be part of the probate estate. Accordingly, under the facts of this case, Mr. Jones's interest in the proceeds of the Pension Plan *are not retirement funds* under § 522(b)(3)(C).

### B.    Account Exempt from Taxation

Even if the proceeds of the Pension Plan *were* considered retirement funds, Mr. Jones never had and will never have in interest in an account that is exempt from taxation under one of the provisions of the Internal Revenue Code. *See Nessa*, 426

B.R. at 314.  As stated above, to determine whether an exemption is proper, the Court must look to the debtor's interest in property at the time of filing bankruptcy. *Mitchell*, 476 F.3d at 543. In this case, Mr. Jones never had an interest in an account of any kind. At the time of filing his bankruptcy petition, Mr. Jones had an interest in his mother's probate estate. His mother's probate estate will eventually include the proceeds of the Pension Plan. However, at the time of filing, Mr. Jones did not have an interest in the Pension Plan itself, nor did he ever have an interest in the Pension Plan. Accordingly, regardless of whether the Pension Plan qualified as tax-exempt, Mr. Jones never had interest in the Pension Plan account, nor is there any evidence that the proceeds will be paid into a tax-exempt account.  *See Nessa*, 426 B.R. at 314.

In *Nessa*, the chapter 7 trustee objected to debtor's claim of an exemption in an IRA that she inherited from her father prior to filing for bankruptcy. *Id.* at 312-13. The court held that the inherited IRA was exempt under § 522(d)(12).[4] *Id.* at 314. The court explained that the IRA was classified as an "inherited individual retirement account" because the debtor *acquired the account* because of her father's death. *Id.* (citing 26 U.S.C. § 408(d)(3)(C)) (emphasis added). Several courts have followed the rationale of the holding in *Nessa* to find that accounts could be exempt where the account was directly transferred either to a spousal beneficiary or a designated beneficiary. *See e.g. In re Hamlin*, 465 B.R. 863 (9th Cir. B.A.P. 2012); *In re Cutignola*, 450 B.R. 445 (Bankr. S.D. N.Y. 2011); *In re Johnson*, 452 B.R. 804 (Bankr. W.D. Wash. 2011); *In re Rice*, 452 B.R. 623 (Bankr. E.D. Mich. 2011).  In contrast to each of these cases, Mr. Jones

---

[4] Even though the exemptions in § 522(d) do not apply in this case, § 522(b)(3)(C) contains an identical exception and the Debtors agree that the two subsections should be interpreted identically.

never acquired interest in any retirement account.  Thus, even if the Pension Plan consists of retirement funds under § 522(b)(3)(C), and even if the Pension Plan itself is exempt from taxation, Mr. Jones does not, and never did, have an interest in the Pension Plan. Mr. Jones only has a right to the funds that will be disbursed to him through the probate estate.

Although the Debtors argue that when they filed their bankruptcy petition, Mr. Jones was part owner of an exemptible retirement fund, no evidence in the record supports this assertion. Debtors admit that the Pension Plan did not designate a beneficiary. (Filing No. 7 at 5.) Thus, Mr. Jones could not have had a direct interest in the Pension Plan. Debtors also argue that the personal representative could, in the name of the estate, establish a tax-exempt fund to which the pension fund could be directly transferred. (Filing No. 7 at 13.) Yet Debtors cite no law supporting their assertion that this hypothetical action would preserve the exempt status of the Pension Plan. Even if the proceeds *were* somehow placed in a tax-exempt retirement account, the Court would look to Mr. Jones's interest at the time the bankruptcy petition was filed. At the time of filing, Mr. Jones had no interest in the Pension Plan, nor did he stand to obtain a direct interest in the Pension Plan.

When Mr. Jones receives any devise from the proceeds of the Pension Plan, the proceeds' status as retirement funds will have been altered by liquidation through the probate estate. *See Chilton*, 674 F.3d at 489. Mr. Jones lacks any interest in the Pension Plan, and does not stand to gain any direct interest in a tax-exempt account. *See Nessa*, 426 B.R. at 314.  Accordingly, Mr. Jones's interest in the Pension Plan funds are not exempt under § 522(b)(3)(C).

10

## II.    State Exemptions

An examination of Nebraska law reveals that for the same reasons Debtors may not claim an exemption under federal law, they likewise cannot claim an exemption under the applicable Nebraska exemption statute.  To qualify for exemption under Neb. Rev. Stat. § 25-1563.01, as Debtors claim, they must have "an interest held under a stock bonus, pension, profit-sharing, or similar plan or contract payable on account of illness, disability, death, age, or length of service." Neb. Rev. Stat. § 25-1563.01.  The funds must be "reasonably necessary for the support of the debtor", and the funds must "qualify under section 401(a), 403(a), 403(b), 408, or 408A of the Internal Revenue Code." *Id.*  For reasons already stated, Mr. Jones did not have an interest in the Pension Plan or any other tax-exempt vehicle, such as an inherited IRA, and he cannot establish that he has an interest in a plan that qualifies under one of the sections of the Internal Revenue Code.[5]  Mr. Jones does not qualify for an exemption under Neb. Rev. Stat. § 25-1563.01.

### CONCLUSION

The record before the Court demonstrates that Mr. Jones has not received any retirement funds, nor does he have an interest in retirement funds as defined by 11 U.S.C. § 522(b)(3)(C).  Neither does he have any interest that qualifies for an exemption

---

[5] While courts have concluded that an IRA is exempt under Neb. Rev. Stat. § 25-1563.01, *see In re Anzalone*, 122 B.R. 730 (Bankr. D.Neb. 1990) (interpreting Neb. Rev. Stat. § 25-1563.01 to exempt an IRA), no Nebraska court has considered whether an inherited interest would likewise be exempt. Several courts have interpreted state exemption statutes similar to the Nebraska statute and found that those statutes did not exempt an inherited IRA.  *See e.g., In re Trawick*, 497 B.R. 572, 589 (Bankr. C.D. Cal. 2013) (holding that an inherited IRA was not exempt under the California exemption scheme because it was not a similar plan to those listed in the statute); *In re Jarboe*, 365 B.R. 717, 723 (Bankr. S.D. Tex. 2007) (holding that an IRA is not exempt under the Texas exemption scheme because it was "sufficiently different" from an IRA).  Thus, even if Mr. Jones had an interest in an inherited IRA, it is not clear that such an interest would be exempt under Neb. Rev. Stat. § 25-1563.01.

under Neb. Rev. Stat. § 25-1563.01. Accordingly, the judgment of the bankruptcy court will be affirmed.  A separate Order and Judgment will be entered in accordance with this Memorandum Opinion.

Dated this 26th day of March, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge